IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD THARPE, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:07-CV-494-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

## I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

*B. Parties*

Petitioner Richard Tharpe, TDCJ #1413860, is in custody of the Texas Department of Criminal Justice, in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice. No service has issued upon Respondent.

*C. Discussion/Subject Matter Jurisdiction*

Tharpe challenges a state civil forfeiture against his personal property in the Criminal

District Court Number Four of Tarrant County, Texas. (Petition at 2.) Specifically, he alleges that the search, seizure and forfeiture of his 1998 Saturn was unconstitutional, that he received ineffective assistance of counsel during the forfeiture proceedings, and that there was no evidence or insufficient evidence to support the forfeiture. (Petition at 7-8B.)

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3).

A §2254 petition may not be used as a vehicle for challenging a civil forfeiture judgment or decree entered by a state court. A writ of habeas corpus under 28 U.S.C. § 2254 is available for *persons* in custody pursuant to the judgment of a state court. *Bowen v. United States*, 2005 WL 1676668, at *2 (M.D.Ga. June 29, 2005); *Ozoroski v. Klem*, 2004 WL 1446046, at *16 n.16 (10th Cir. Jan. 24, 1997) ("the accuracy of the [state] forfeiture proceedings falls beyond this Court's province on habeas corpus review."); *see also Dawkins v. United States*, 883 F. Supp. 83, 85 (E.D.Va.1995) ("Nowhere does [28 U.S.C. § 2255] authorize collateral attacks on civil administrative forfeitures in an effort to secure the release of forfeited property or its cash equivalent."). A federal district court may entertain a state prisoner's application for writ of habeas corpus "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As petitioner is not endeavoring to challenge the state's custody of his "person" but is only attacking the forfeiture of his property, he cannot proceed under § 2254.

## II. RECOMMENDATION

It is therefore recommended that Tharpe's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 11, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 11, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

3

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 21, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE